In re SWEET.

(Supreme Court, Appellate Division, Third Department.     May 17, 1898.)

Motion denied.

For former opinion, see 50 N. Y. Supp. 444.

Reargued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

PER CURIAM.     In one of the opinions delivered in this case it
was said that:

"The relator was not removed from any position.     He was properly and legally
appointed to the position of special agent for three months, and at the expira-
tion of his term the state commissioner of excise declined to make an absolute
appointment. * * * We are of opinion that the relator has not been removed
from a position or employment within the meaning of chapter 821 of the Laws
of 1896, and hence that the order should be affirmed, with costs."

The above quotation shows what was intended to be decided. In
the opinion referred to—treating this proceeding as an application
of the relator to compel his absolute appointment by the defend-
ant as a special agent of the excise department of the state, and
not one to reinstate him in an office that had expired—it was sug-
gested that in a proceeding by mandamus, under the provisions of
chapter 821 of the Laws of 1896, the question of the business capac-
ity of the relator could be tried and determined.     This suggestion,
however, was not considered by the court, and must be regarded
merely as an opinion of the justice who delivered the opinion.
What this court determined was that the only appointment which
the relator received was a probationary one of three months.     As
that expired by its own limitation, he was not removed from office,
and therefore cannot invoke chapter 821 of the Laws of 1896, which
secures him from arbitrary removal during the term for which he
was appointed.

The motion should be denied, but, under the circumstances, with-
out costs.     All concur, except PUTNAM and HERRICK, JJ., dis-
senting.

PUTNAM, J. (dissenting).     In my examination of the questions
raised by the appeal in this case I reached the conclusion that the
relator, having been appointed by the defendant as agent for the
period of three months, and having accepted such appointment,
has not been removed from the office.     He has been retained by
the defendant during the term for which he was employed, and
hence the provisions of chapter 821 of the Laws of 1896 in refer-
ence to removals from office did not apply to his case.     But I was
also of the opinion that, considering the relator's application as
one to compel an absolute appointment, while he was not entitled
to a peremptory writ of mandamus in consequence of the affidavit
read by the defendant, which, if the relator's application was one
merely for a peremptory mandamus, we were compelled to regard
as true, he would have been entitled to an alternative writ under
the provisions of the act of 1896, had he asked for that relief.     My

51 N.Y.S.—41

attention was not then called to the fact that the relator did ask, in case his motion for a peremptory writ of mandamus should not be granted, for an alternative writ. I think, therefore, our order should be set aside, and one granted modifying that of the court below so as to provide for granting the prayer of the relator for an alternative writ.